UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELINE BOYKINS, o/b/o
B.B., a minor,

        Plaintiff,        Civil Action No. 15-10380
                                   Honorable Denise Page Hood
v.                                        Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO WITHDRAW COMPLAINT [4]

**I.    REPORT**

    **A.    Background**

Plaintiff Jacqueline Boykins, through her counsel, commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for benefits on behalf of minor B.B. [1]. A review of the docket confirms plaintiff's acknowledgment that she has not effectuated service of the summons and complaint pursuant to Fed. R. Civ. P. 4(i).[1] Plaintiff now moves to voluntarily withdraw her complaint pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). [4].

    **B.    Analysis**

Fed. R. Civ. P. 41(a) governs voluntary dismissals in federal court. Fed. R. Civ. P.

---

[1] Under Fed. R. Civ. P. 4(i), service on an agency or employee of an agency, such as the Commissioner of Social Security, sued in his or her official capacity, is effected by sending copies of the summonses and complaints by certified or registered mail to the agency or employee, to the United States Attorney for the district where the action is brought, and to the Attorney General of the United States in Washington, D.C.

41(a)(1)(A) permits a plaintiff to voluntarily dismiss an action, without prejudice, <u>without a court order</u>: (1) by filing an appropriate notice, if the adverse party has not filed an answer or a motion for summary judgment; or (2) by stipulation of the parties. In this case, the first condition is satisfied because plaintiff did not effectuate service of the summons and complaint under Fed. R. Civ. P. 4(i), and thus, the Commissioner was never made aware of this action in the first place. Since plaintiff could simply have filed a notice of dismissal indicating her intent to voluntarily dismiss her claim for benefits without prejudice, the Court sees no reason to deny plaintiff's "motion" to effectuate such a dismissal.

## II. RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion to voluntarily withdraw her complaint [4] be GRANTED and the complaint [1] be DISMISSED WITHOUT PREJUDICE.

Dated: July 13, 2015  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 13, 2015.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager